IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

HUNTINGTON DIVISION

| | |
|---|---|
| **RAY E. PARSONS,** | ) |
| Petitioner, | ) |
| | ) CIVIL ACTION NO. 3:18-00602 |
| v. | ) |
| **RALPH TERRY, Acting Warden,** | ) |
| Respondent. | ) |

**PROPOSED FINDINGS AND RECOMMENDATION**

Pending before the Court is Petitioner's Petition Under 28 U.S.C. § 2254 for Writ of *Habeas Corpus* By a Person in State Custody (Document No. 2), filed on April 23, 2018. By Standing Order, this matter was referred to the undersigned United States Magistrate Judge for submission of proposed findings of fact and a recommendation for disposition pursuant to 28 U.S.C. § 636(b)(1)(B). (Document No. 3.) Having thoroughly examined the record in this case, the undersigned respectfully recommends that the District Court deny Petitioner's Section 2254 Petition as untimely.

**PROCEDURE AND FACTS**

**1.   Criminal Action No. 08-F-50:**

On July 16, 2008, the Grand Jury of Putnam County, West Virginia returned an Indictment against Petitioner charging him with two counts of Sexual Abuse by a Parent, Guardian, or Custodian in violation of W. Va. Code § 61-8D-5 (Counts One and Two); and two counts of Incest in violation of W. Va. Code § 61-8-12 (Counts Three and Four). (Document Nos. 11-1 and 11-7.) On September 18, 2008, Petitioner pled guilty to two counts of Sexual Abuse by a Parent,

Guardian, or Custodian (Counts One and Two). (Document Nos. 11-3 and 11-7.) Pursuant to the Plea Agreement, the two counts of Incest were dismissed and the State agreed to recommend concurrent sentencing as to the two counts of Sexual Abuse by a Parent, Guardian, or Custodian. (Id.) On November 14, 2018, the Circuit Court sentenced Petitioner to an indeterminate sentence of not less than ten (10) years nor more than twenty (20) years as to each count of Sexual Abuse by a Parent, Guardian, or Custodian. (Document Nos. 11-1 and 11-7.) The Circuit Court directed that the sentences be served consecutively and granted Petitioner credit for 260 days for time served. (Document No. 11-7.) On November 14, 2008, a "Notice of the Right to Appeal Conviction/Sentence and the Right to Counsel," Notice to Defendant/Offender of Sexual Registration Requirements," and Notice of Sexual Offender Registration Requirements" were filed by the Circuit Court. (Document No. 11-1.) On March 20, 2009, Petitioner, by counsel, filed a Motion for Reconsideration of Sentence pursuant to Rule 35. (Document No. 11-4.) By Order entered on March 24, 2009, the Circuit Court denied Petitioner's Motion. (Document No. 11-5.)

By letter dated February 2, 2010, Petitioner requested that the Circuit Court appoint counsel to assist him in the filing of a State *habeas* Petition. (Document No. 11-1, 21-2, and 21-3.) In response, the Circuit Court mailed Petitioner an "Appendix B: Post-Conviction Habeas Corpus Form Application to Proceed In Forma Pauperis and Affidavit" form. (See Document No. 21-3.) By letter dated March 4, 2010, Petitioner notified the Circuit Court that his Application to Proceed in Forma Pauperis and Affidavit were enclosed so that *habeas* counsel could be appointed to represent him. (Document No. 21-2.) Petitioner attached a copy of his "Appendix B: Post-Conviction Habeas Corpus Form Application to Proceed in Forma Pauperis and Affidavit." (Document No. 21-1.) By letter dated March 10, 2010, the Circuit Court notified Petitioner that his Application to Proceed in Forma Pauperis had been received and he should now file his *pro se*

Petition for Writ of *Habeas Corpus*. (Document No. 21-3.) The Circuit Court further provided Petitioner with a copy of a *habeas* petition form (Appendix A to the West Virginia Supreme Court's Rule Governing Post Conviction Habeas Corpus Proceedings). (Id.) Finally, the Circuit Court specifically instructed Petitioner that he must file his *habeas* petition with the Clerk and "[a]fter you file your petition, the Court will review it as required by Rule 4(b) of the habeas corpus rules and determine if sufficient grounds are raised to justify appointment of counsel." (Id.) By letter dated June 7, 2010, Petitioner requested that the Circuit Clerk provide him with a copy of the Docket Sheet for Case No. 08-F-50. (Document No. 21-4.) The Circuit Clerk mailed Petitioner a copy of his Docket Sheet on June 9, 2010. (Id.)

By letter filed on February 14, 2013, Petitioner requested that the Clerk of the Circuit Court appoint *habeas* counsel to assist him in the competition and filing of his State *habeas* petition. (Document No. 21-7.) On March 20, 2013, Petitioner requested that the Circuit Court appoint *habeas* counsel to assist him in the completion and filing of a *habeas* petition. (Document Nos. 11-1, 11-6, and 21-8.) By Order entered on April 9, 2013, the Circuit Court entered an Order appointing Timothy J. LaFon as counsel for Petitioner. (Document No. 11-6.) The Circuit Court stated that "this matter came on before the Court on the Petitioner's *pro se* Petition for Writ of Habeas Corpus ad Subjiciendum and eligibility for assignment of legal counsel." (Id.) The Circuit Court directed that Mr. LaFon file an amended *habeas* petition by June 15, 2013, and the State to file its response within 60 days of service of the amended *habeas* petition. (Id.)

On June 12, 2013, Petitioner, by counsel, Mr. LaFon, filed a Petition for Writ of *Habeas Corpus*. (Document Nos. 11-2 and 11-7.) As grounds for *habeas* relief, Petitioner asserted the following: (1) Involuntary guilty plea; (2) Failure of counsel to take an appeal; (3) Ineffective assistance of counsel; (4) Question of actual guilt upon an acceptable guilty plea; (5) More severe

3

sentence than expected; (6) Excessive sentence; and (7) Mistaken advice of counsel as to parole or probation eligibility. (Document No. 11-7.) On October 4, 2013, the State filed its Response in Opposition. (Document No. 11-2.) An omnibus hearing was conducted on March 16, 2016. (Document No. 11-2.) On October 31, 2016, the Circuit Court entered its "Order Denying Petition for Writ of Habeas Corpus." (Document No. 11-7.) Petitioner filed his Notice of Appeal on November 21, 2016. (Document No. 9-3.) On February 27, 2017, Petitioner, by counsel, filed in the West Virginia Supreme Court of Appeals ["WVSCA"] Petitioner's Brief in support of his Petition for Appeal of the Circuit Court's denial of *habeas* relief. (Document No. 9-2.) The WVSCA affirmed the Circuit Court's decision on October 23, 2017.

**2.     Instant Section 2254 Petition:**

Petitioner filed the instant Petition Under 28 U.S.C. § 2254 for Writ of *Habeas Corpus* By a Person in State Custody on April 23, 2018.[1] (Document No. 2.) As grounds for *habeas* relief, Petitioner alleges the following: (1) Ineffective assistance of counsel; (2) Involuntary plea; (3) Excessive sentence; and (4) "Question of actual guilt upon acceptance of guilty plea." (Id., pp. 5 – 10.) By Order entered on April 26, 2018, the undersigned directed Respondent to file a limited Response addressing the timeliness of Petitioner's Petition and "include copies of Court and other records which would facilitate determination of the timeliness of Petitioner's Petition." (Document No. 4.) On May 14, 2018, Petitioner filed his letter-form Response stating as follows: "I submitted the appeal on the dates that my lawyers, [appointed] to me by the Circuit Court, told me to file. I am not aware of any deadlines." (Id.) On June 4, 2018, Petitioner filed his second Response stating

---

[1] Because Petitioner is acting *pro se*, the documents which he has filed in this case are held to a less stringent standard than if they were prepared by a lawyer, and therefore they are construed liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972).

that "on or about March 20, 2013, Petitioner submitted a letter, *pro se*, requesting that counsel be appointed to assist him with a Petition for Writ of *Habeas Corpus*." (Document No. 9.) Petitioner acknowledges that counsel was appointed and counsel filed his State *habeas* petition on June 12, 2013. (Id.) Petitioner alleges that the Circuit Court denied his State *habeas* petition and counsel filed a Petition for Writ of *Habeas Corpus* in the WVSCA in February 2017. (Id.) Petitioner acknowledges that the WVSCA denied his Petition.[2] (Id.) Petitioner, however, claims that *habeas* counsel was ineffective in failing to file an appeal of the Circuit Court's denial of *habeas* relief. (Id.) Petitioner complains that he was unaware that he could appeal the Circuit Court's denial of *habeas* relief. (Id.) Finally, Petitioner argues that the Circuit Court "should have informed him that he could file a federal habeas." (Id.)

As Exhibits, Petitioner attaches the following: (1) A copy of Petitioner's Petition for Appeal regarding the Circuit Court's denial of *habeas* relief as filed with the WVSCA on February 27, 2017 (Document No. 9-2.); (2) A copy of his Notice of Appeal concerning the Circuit Court's denial of *habeas* relief (Document No. 9-3.); (3) A copy of *habeas* counsel's proposed Order and Findings of Fact concerning Petitioner's State *habeas* proceedings (Document No. 9-4.); and (4) A copy of the Circuit Court's Order dated October 31, 2016, denying Petitioner's *habeas* petition (Document No. 9-5.).

On June 7, 2018, Respondent filed his "Limited Response to Petition" and Memorandum in Support. (Document Nos. 11 and 12.) Specifically, Respondent argues that Petitioner's Petition is untimely and should be dismissed with prejudice for failure to file within the limitation period

---

[2] Petitioner is mistaken when the states that counsel filed an original jurisdiction *habeas* petition with the WVSCA. The record clearly reveals that *habeas* counsel filed a petition for appeal of the Circuit Court's denial of *habeas* relief -- not an original jurisdiction *habeas* petition. The WVSCA affirmed the Circuit Court's decision denying *habeas* relief.

prescribed by 28 U.S.C. § 2244(d). (Id.) As Exhibits, Respondent attaches the following: (1) A copy of the Putnam County Circuit Court's Docket Sheet for Case No. 08-F-50 (Document No. 11-1.); (2) A copy of the Putnam County Circuit Court's Docket Sheet for Case No. 13-C-196 (Document No. 11-2.); (3) A copy of the Circuit Court's Order dated September 18, 2008, accepting Petitioner's guilty plea (Document No. 11-3.); (4) A copy of Petitioner's Motion for Reconsideration as filed on March 20, 2009, in Case No. 08-F-50 (Document No. 11-4.); (5) A copy of the Circuit Court's Order dated March 24, 2009, denying Petitioner's Motion for Reconsideration (Document No. 11-5.); (6) A copy of the Circuit Court's Order dated April 9, 2013, appointing *habeas* counsel for Petitioner (Document No. 11-6.); and (7) A copy of the Circuit Court's Order dated October 31, 2016, denying Petitioner's *habeas* petition (Document No. 11-7.).

On June 11, 2018, Notice pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), was issued to Petitioner, advising him of his right to file a response to Respondent's request for dismissal. (Document No. 13.) On June 26, 2018, Petitioner filed his Reply. (Document No. 14.) Petitioner states that he acknowledges that his Section 2254 Petition is time barred. (Id.) Petitioner, however, requests that this Court consider the merits of his Section 2254 Petition because his untimeliness was due to his "lack of legal understanding and lack of legal counsel." (Id.) In support, Petitioner notes that even though he was declared competent to stand trial, "his low-level functioning" required "legal terms and legal procedures to be explained to him by Petitioner's legal counsel." (Id.) Petitioner, therefore, requests that the Court accept his "arguments as extraordinary circumstances" and consider the merits of his Section 2254 Petition. (Id.)

By Order entered on August 28, 2019, the undersigned directed Respondent to supplement the record. (Document No. 20.) On September 6, 2019, Respondent supplemented the record.

(Document No. 21.) Specifically, the Respondent attached the following documents: (1) A copy of Petitioner's completed "Appendix B: Post-Conviction Habeas Corpus Form Application to Proceed in Forma Pauperis and Affidavit" (Document No. 21-1.); (2) A copy of a letter dated March 4, 2010, from Petitioner to the Circuit Court regarding the competition of his Application to Proceed in Forma Pauperis and request for the appointment of counsel (Document No. 21-2.); (3) A copy of a letter dated March 10, 2010, from the Circuit Court to Petitioner regarding the filing of a form *habeas* petition (Document No. 21-3.); (4) A copy of a letter dated June 7, 2010, from Petitioner to the Clerk of the Circuit Court requesting a copy of the Docket Sheet (Document No. 21-4.); (5) A copy of a letter filed February 7, 2013, from Petitioner to the Clerk of the Circuit Court regarding the appointment of counsel (Document No. 21-5.); (6) A copy of an Order appointing counsel dated February 14, 2013 (Document No. 21-6.); (7) A copy of a letter from Petitioner to the Circuit Court regarding the appointment of counsel (Documents No. 21-7.); (8) A copy of a letter filed March 20, 2013, from Petitioner to the Circuit Court regarding the appointment of counsel (Document No. 21-8.); and (9) A copy of an Order appointing counsel dated April 9, 2013 (Document No. 21-9.).

## **THE APPLICABLE STANDARD**

In Section 2254 proceedings, the familiar standards of Rule 12(b)(6) of the Federal Rules of Civil Procedure apply to motions to dismiss. See Walker v. True, 399 F.3d 315, 319, n. 1. (4th Cir. 2005); also see Rules Governing Section 2254 Cases in the United States District Courts, Rule 12 (The Federal Rules of Civil Procedure, to the extent that they are not inconsistent with the *habeas* rules, may be applied to Section 2254 proceedings). A motion to dismiss a Section 2254 petition under Rule 12(b)(6) "tests the legal sufficiency of the petition, requiring the federal habeas court to 'assume all facts pleaded by the § 2254 petitioner to be true." Walker v. Kelly, 589 F.3d

127, 139 (4th Cir. 2009)(citing Wolfe v. Johnson, 565 F.3d 140, 169 (4th Cir. 2009). The court, however, is "not obliged to accept allegations that 'represent unwarranted inferences, unreasonable conclusions, or arguments,' or that 'contradict matters properly subject to judicial notice or by exhibit.'" Massey v. Ojaniit, 759 F.3d 343, 353 (4th Cir. 2014)(quoting Blankenship v. Manchin, 471 F.3d 523, 529 (4th Cir. 2006). When assessing whether the Section 2254 petition states a claim for relief, the court must consider "the face of the petition any attached exhibits." Wolfe, 565 F.3d at 169 (internal quotations omitted). The court may also consider such exhibits and matters of public record, such as documents from prior state court proceedings, in conjunction with a Rule 12(b)(6) motion without having to convert the motion to one for summary judgment. Walker, 589 F.3d at 139.

## ANALYSIS

In 1996, Congress enacted the AEDPA, which established a one-year period of limitation governing the filing of Section 2254 *habeas* petitions. The one-year period runs from the latest of one of four specified events:

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

The undersigned will consider the timeliness of Petitioner's Petition under Section

2244(d)(1)(A).[3] Section 2244(d)(1)(A) provides that Section 2254 *habeas* petitions must be filed within one year after "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). Petitioner did not file a direct appeal of his conviction in the WVSCA, and therefore, his conviction became final by the expiration of the time for seeking direct review, on March 16, 2009 (four months after Petitioner was sentenced in the Circuit Court of Putnam County).[4] Thus, pursuant to Rule 6(a) of the Federal Rules of Civil Procedure,[5] the one-year statute of limitation began to run on March 17, 2009, and Petitioner had until March 16, 2010, to file a Section 2254 Application in the United States District Court, unless he first sought post-conviction relief from the State Courts.

Petitioner filed in the Circuit Court of Putnam County a Motion for Reconsideration of Sentence pursuant to Rule 35 on March 20, 2009, which was 3 days after the statute of limitation

---

[3] Petitioner does not allege any impediments to filing, a newly recognized right, or a newly discovered fact that would implicate the provisions of 28 U.S.C. § 2244(d)(1)(B) – (D).

[4] Rule 37(b)(3) of the West Virginia Rules of Criminal Procedure provides that "[a]n appeal must be perfected within four months of the entry of the circuit court order in accordance with Rule 5 of the Rules of Appellate Procedure."

[5] Rule 6(a) of the Federal Rules of Civil Procedure provides in part, as follows:

> **(a) Computing Time.** The following rules apply in computing any time period specified in these rules, in any local rule or court order, or in any statute that does not specify a method of computing time.
> **(1) Period Stated in Days or a Longer Unit.**
> When the period is stated in days or a longer unit of time:
> **(A)** exclude the day of the event that triggers the period;
> **(B)** count every day, including intermediate Saturdays, Sundays, and legal holidays; and
> **(C)** include the last day of the period, but if the last day is a Saturday, Sunday, or legal holiday, the period continues to run until the end of the next day that is not a Saturday, Sunday, or legal holiday.

period began to run.[6] Accordingly, the one-year statute of limitation was tolled by Petitioner's Motion for Reconsideration of Sentence. See Wall v. Kholi, 562 U.S. 545, 546, 131 S.Ct. 1278, 1281, 179 L.Ed.2d 252 (2011)(holding that AEDPA's limitation period may be tolled by the filing of a motion to reduce sentence pursuant to Rule 35); Bellamy v. Plumley, 2015 WL 2155697, * 5 (S.D.W.Va. May 7, 2015)("While a motion to reduce sentence may toll the AEDPA's statute of limitations from running, an untimely motion does not since it is not 'properly file' within the meaning of § 2244(d)(2)."); Johnson v. Plumley, 2014 WL 3735856, fn. 2 (N.D.W.Va. July 29, 2014)("[A] motion to reduce a sentence seeks collateral relief, and thus triggers the tolling provision of 28 U.S.C. § 2244(d)(2)"). On March 24, 2009, the Circuit Court of Putnam County denied Petitioner's Motion for Reconsideration of Sentence. Petitioner failed to appeal the Circuit Court's denial of his Motion for Reconsideration. The limitation period thus began to run again on July 24, 2009, and Petitioner had until July 21, 2010,[7] to file a Section 2254 Petition in the United States District Court, unless he again sought post-conviction relief from the State Courts. See Turner v. Ballard, 2015 WL 4477816, fn. 7 (N.D.W.Va. July 22, 2015)(noting that the Rule 35 Motion tolled the running of the limitation period until the time within which petitioner could have, but did not, appeal the denial of his Motion).

---

[6] Respondent notes that neither Petitioner, nor the Circuit Court, specified as to whether the Motion for Reconsideration was filed pursuant to Rule 35(a) or Rule 35(b). Based on the nature of the Motion, Respondent notes that it appears that both Petitioner and the Circuit Court were relying upon Rule 35(b). Thus, Respondent contends that a Rule 35(b) Motion was untimely and not properly filed because such was filed more than 120 days after Petitioner's sentencing. (It appears the Motion was filed 125 days after Petitioner's sentencing.) Respondent, however, states that for purposes of his Response, he will concede that the Motion for Reconsideration tolled the statute of limitations.

[7] Petitioner had 362 days remaining to file his Section 2254 Petition. 362 days from July 24, 2009, was July 21, 2010. Thus, Petitioner had until July 21, 2010, to file his Section 2254 Petition.

On March 4, 2010, Petitioner filed his "Appendix B: Post-Conviction Habeas Corpus Form Application to Proceed in Forma Pauperis and Affidavit" with the Circuit Court of Putnam County. By letter dated March 10, 2010, the Circuit Court notified Petitioner that his Application to Proceed in Forma Pauperis had been received and he should now file his *pro se* Petition for Writ of *Habeas Corpus*. The Circuit Court further provided Petitioner with a *habeas* petition form and notified Petitioner that "[a]fter you file your petition, the Court will review it as required by Rule 4(b) of the habeas corpus rules and determine if sufficient grounds are raised to justify appointment of counsel." The record reveals that Petitioner took no further action to file a *habeas* petition until February 14, 2013, when Petitioner requested the Circuit Court of Putnam County to appoint *habeas* counsel to assist him in the competition and filing of a State *habeas* petition. By Order entered on April 9, 2013, the Circuit Court entered an Order appointing Mr. LaFon as counsel for Petitioner. The Circuit Court stated that "this matter came on before the Court on the Petitioner's *pro se* Petition for Writ of *Habeas Corpus ad Subjiciendum* and eligibility for assignment of legal counsel." The Circuit Court further directed that Mr. LaFon to file an amended *habeas* petition by June 15, 2013. On June 12, 2013, Petitioner, by counsel, Mr. LaFon, filed a Petition for Writ of *Habeas Corpus*.

Based upon the foregoing, it appears that the Circuit Court construed Petitioner's February 14, 2013, request for appointment of counsel as Petitioner's *pro se habeas* petition. The undersigned, therefore, finds that Petitioner's State *habeas* petition was filed on February 14, 2013.[8] The one-year limitation period, however, expired on July 21, 2010, as Petitioner did not

---

[8] Even if this Court very liberally construed Petitioner's "Appendix B: Post-Conviction Habeas Corpus Form Application to Proceed in Forma Pauperis and Affidavit" as filed in the Circuit Court of Putnam County as his State *habeas* petition, Petitioner's Section 2254 Petition is still untimely. Construing the Application to Proceed Without Prepayment of Fees as a State *habeas* petition, would have tolled the statute of limitations on March 4, 2010. On October 31, 2016, the Circuit


have a State *habeas* petition pending at any time between July 24, 2009, through July 21, 2010. Petitioner filed his instant Section 2254 Petition on April 23, 2018, more than 7 years and 9 months after the expiration of the limitations period. Therefore, the undersigned finds that Petitioner's Section 2254 *habeas* Petition was filed outside the limitation period under 28 U.S.C. § 2244(d).

Nevertheless, the one-year limitation period may be subject to equitable modification in appropriate cases. See Holland v. Florida, 560 U.S. 631, 130 S.Ct. 2549, 2560, 177 L.Ed.2d 130 (2010); Harris v. Hutchinson, 209 F.3d 325, 328-31 (4th Cir. 2000). In Holland, the United States Supreme Court concluded that Section 2244(d) may be tolled "only if [the petitioner] shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." Holland, 560 U.S. at 649, 130 S.Ct. at 2562; also see Harris, 209 F.3d at 330(petitioner bears the burden of proof regarding equitable tolling). The doctrine of equitable tolling has generally been applied in two distinct situations. First, the doctrine has been applied in situations where the petitioner was prevented from asserting his claims due to the respondent's wrongful conduct. Harris, 209 F.3d at 330. Second, the doctrine has been applied in situations where the petitioner was prevented from asserting his claims due to circumstances beyond his control or "external to the party's own conduct." Id. The Harris Court made it clear that equitable tolling should rarely be allowed stating as follows (Id.):

> [A]ny invocation of equity to relieve the strict application of a statute of limitations

---

Court of Putnam County denied Petitioner's State *habeas* petition. Petitioner filed an appeal of the Circuit Court's denial of his *habeas* petition to the WVSCA. *See* Rule 5(f) of the West Virginia Rules of Appellate Procedure. The WVSCA affirmed the Circuit Court's decision on October 23, 2017. The limitation period thus would have begun to run again on October 24, 2017, and Petitioner would have had 139 days remaining to file his Section 2254 Petition. Thus, Petitioner would have had until March 12, 2018, to file a Section 2254 Application in the United States District Court, unless he again sought post-conviction relief from the State Courts. Petitioner did not file his Section 2254 Petition with this Court until April 23, 2018, approximately six-weeks after the expiration of the limitations period.

> must be guarded and infrequent, lest circumstances of individualized hardship supplant the rules of clearly drafted statutes. To apply equity generously would loose the rule of law to whims about the adequacy of excuses, divergent responses to claims of hardship, and subjective notions of fair accommodation. We believe, therefore, that any resort to equity must be reserved for those rare instances where – due to circumstances external to the party's own conduct – it would be unconscionable to enforce the limitation period against the party and gross injustice would result.

Harris, 209 F.3d at 330. The undersigned finds that Petitioner has not presented "extraordinary circumstances" beyond his control to justify invoking the doctrine of equitable tolling. Petitioner requests that this Court find Petitioner's "lack of legal understanding and lack of legal counsel" as extraordinary circumstances justifying equitable tolling. A misunderstanding of the statutory limitation period, no matter how innocent it may be, does not constitute "extraordinary circumstances" beyond Petitioner's control to justify equitable tolling of the limitation period.

> [T]he mistake in this case is not extenuated by any lack of clarity in the statute. The language of §§ 2244(d) provides unambiguously that the one-year period within which a federal habeas petition must be filed commences on the "conclusion of direct review." This language does not contribute to a misunderstanding that would have the time commence on the "conclusion of State post-conviction proceedings.

Harris, 209 F.3d at 331. Furthermore, the particular "facts and circumstances" of Petitioner's case do not warrant equitable tolling. Petitioner's instant Petition was filed more than 7 year and 9 months after the Section 2244(d) one-year period expired. Petitioner is, therefore, hereby notified in accordance with the Fourth Circuit's decision in Hill v. Braxton, 277 F.3d 701 (4th Cir. 2002), that the undersigned recommends that his Section 2254 action be dismissed as untimely unless Petitioner can demonstrate that the Petition was filed within the proper time period or circumstances exist which would permit equitable tolling of the limitation period.

## **PROPOSAL AND RECOMMENDATION**

The undersigned therefore hereby respectfully **PROPOSES** that the District Court confirm

13

and accept the foregoing findings and **RECOMMENDS** that the District Court **GRANT** Respondent's "Limited Response" requesting dismissal of Petitioner's Section 2254 Petition as untimely (Document No. 11), **DISMISS** Petitioner's Petition Under 28 U.S.C. § 2254 for Writ of *Habeas Corpus* By a Person in State Custody (Document No. 2) and remove this matter from the Court's docket unless Petitioner can demonstrate within the period of time allotted for objecting to this Proposed Findings and Recommendation that the Petition was filed within the proper time period or circumstances exist which would permit equitable tolling of the limitation period.

The parties are hereby notified that this "Proposed Findings and Recommendation" is hereby **FILED**, and a copy will be submitted to the Honorable United States District Judge Robert C. Chambers. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rule 6(d) and 72(b), Federal Rules of Civil Procedure, the parties shall have fourteen (14) days (filing of objections) and three (3) days (if received by mail) from the date of filing of this Proposed Findings and Recommendation within which to file with the Clerk of this Court specific written objections identifying the portions of the Findings and Recommendation to which objection is made and the basis of such objection. Extension of this time period may be granted for good cause.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. Snyder v. Ridenour, 889 F.2d 1363, 1366 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 155, 106 S.Ct. 466, 475, 88 L.Ed.2d 435 (1985); Wright v. Collins, 766 F.2d 841, 846 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91, 94 (4th Cir.) cert. denied, 467 U.S. 1208, 104 S.Ct. 2395, 81 L.Ed.2d 352 (1984). Copies of such objections shall be served on opposing parties, Judge Chambers, and this Magistrate Judge.

  The Clerk of this Court is directed to file this "Proposed Findings and Recommendation" and to mail a copy of the same Petitioner, who is acting *pro se*, and to counsel of record.

  Dated: September 13, 2019.

                   _____
                   Omar J. Aboulhosn
                   United States Magistrate Judge